UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT DIXON,

        Plaintiff,         CIVIL ACTION NO. 07-CV-14799-DT

vs.

                           CHIEF DISTRICT JUDGE GERALD E. ROSEN

THOMAS BURGE,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** The Motion to Dismiss filed by Defendant Thomas Burge for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) (docket no. 32) should be **GRANTED**, and this action should be dismissed.

**II.**     **REPORT:**

    This is a prisoner civil rights action under 42 U.S.C. § 1983. (Docket no. 1). Plaintiff seeks $120,000 in damages for his pain and emotional distress allegedly suffered when Defendant Burge injured Plaintiff's arm by pushing it through the food slot in Plaintiff's cell. (*Id*.). Defendant Burge is identified as a correctional officer at the Huron Valley Men's Complex. (*Id*.). Defendant Burge moves to dismiss Plaintiff's Complaint pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust available administrative remedies on this claim. (Docket no. 32). Plaintiff has not responded to Defendant's motion, and the time for responding has now expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

**A.     Facts and Claims**

Plaintiff is a prisoner incarcerated at the Huron Valley Men's Complex. (Docket no. 1). He alleges that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment on December 26, 2006. (*Id*.). Plaintiff claims that Defendant "came up to my cell door slot and grabbed my left arm and twisted it and cut it open while trying to put it in the slot." (*Id*. at 5).

Defendant moves to dismiss because Plaintiff has failed to exhaust his available administrative remedies on this issue. Defendant shows that the grievance Plaintiff filed on this issue, HVM-07-02-00091-28e, was rejected when the third step response stated that the issue was rejected at the local level as being untimely filed, and finding that the record supports the step one rejection of the grievance because the incident occurred on December 26, 2006 and the grievance was not received at step one until February 7, 2007. (Docket no. 32-2 at 10).

**B.     Standard of Review**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The Supreme Court recently clarified that proper exhaustion is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo* 548 U.S. 81, 90-91 (2006).

**C.     Analysis**

Defendant has submitted a copy of the grievance procedures of the Michigan Department of Corrections and a copy of the third step grievance response for grievance HVM-07-02-00091-28e. (Docket no. 32 exs. A-B).  Plaintiff has not responded to Defendant's motion.  Plaintiff submitted a copy of this grievance along with his Complaint, however.  (Docket no. 1).  This copy of the grievance and step one response confirms that Plaintiff reported that the incident he was grieving occurred on December 26, 2006 and shows that he filed his step one grievance on February 5, 2007. (*Id*. at 18).  Plaintiff does not claim that he filed any grievance other than this one.  Therefore, the record shows that Plaintiff failed to comply with Michigan Department of Corrections' grievance policy by submitting his step one grievance within five business days of attempting to resolve the issue with staff which in turn must be done within two business days after becoming aware of the grievable issue.  (Docket no. 32-2 at 4-5).

The step one response states that Plaintiff's grievance is being addressed through investigation and that no other information will be shared due to this fact.  (*Id*.).  Interestingly, the step one response does not mention the grievance being filed late.  However, because the grievance was not addressed on the merits, and another procedural issue was cited for rejecting it, the Court does not find that Defendant waived the issue of untimeliness.  The step three response clearly denied relief based on untimeliness.  Accordingly, this grievance does not exhaust Plaintiff's administrative remedies against Defendant.  Dismissal under 42 U.S.C. § 1997e(a) is required.  *See Jones*, 549 U.S. at 211; *Woodford*, 548 U.S. at 90-91.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 07, 2009                              s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

     I hereby certify that a copy of this Report and Recommendation was served upon Lamont Dixon and Counsel of Record on this date.

Dated: May 07, 2009         s/ Lisa C. Bartlett
                                     Courtroom Deputy